UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
"IN ADMIRALTY"

CASE NO.: 06-10091-CIV-MOORE

DAVID WELLS,

    Plaintiff,

v.

RICHARD D. ROTH, as
SHERIFF of MONROE COUNTY,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT SHERIFF'S MOTION TO DISMISS COMPLAINT IN ADMIRALTY

THIS CAUSE came before the Court upon the Defendant Sheriff's Motion to Dismiss Complaint in Admiralty (DE # 14). Plaintiff filed a Response (DE # 17) and Defendant filed a Reply (DE # 20).

UPON CONSIDERATION of the Motion, and being otherwise fully advised in the premises, the Court enters the following Order

### I.  Background

Plaintiff was Captain and Owner of the sailing vessel *Texas Crewed*. Compl. at 1. On or about January 1, 2006, the *Texas Crewed* was moored at the Shrimp Road Docks, Stock Island, in Key West, Florida. Id. at 2. At that time, the vessel caught fire. Id. Plaintiff began to fight the fire. Id. Plaintiff claims that, while he was fighting the fire, Deputy Sheriff Darnell Durham assaulted and unlawfully arrested him, using unreasonable force. Id. at 2-3. Plaintiff's Complaint includes the following claims against the Defendant, as sheriff of Monroe County:

>           Count I.     Interference with Salvor
>           Count II.    False Arrest
>           Count III.   Battery/Unnecessary Force

Defendant has filed this Motion to Dismiss, claiming the Plaintiff has failed to assert sufficient facts to provide this Court with subject matter jurisdiction over Count I, and that the other counts, over which this Court would have to exert supplemental jurisdiction, should also be dismissed for lack of subject matter jurisdiction. Def. Mot. at 2.

## II.   Standard

As the Eleventh Circuit explained in <u>Morrisson v. Amway Corp.</u>:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks. Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

323 F.3d 920, 925 n.5 (11th Cir. 2003). Here, the Defendant's Motion to Dismiss is a factual attack because it relies on the extrinsic assertion that Plaintiff was not on the vessel at the time of the alleged assault and unlawful arrest and does not assert lack of subject matter jurisdiction solely on the basis of the pleadings. This statement is not disputed by the Plaintiff. Additionally, this Court notes that when the attack is factual,

> the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

<u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).

## III.  Discussion

This Court has jurisdiction over civil cases of "admiralty or maritime jurisdiction" pursuant to 28 U.S.C. § 1333. Plaintiff asserts that Claim I, invoking the Law of Salvage, is

based in admiralty. Pl. Resp. at 2. Plaintiff argues, in Claim I, that Deputy Sheriff Darnell Durham unlawfully interfered with Plaintiff's salvage efforts and caused physical, intangible, and monetary injuries. Plaintiff seeks damages for those injuries. See Compl. at 4.

Salvage rights entitle a salvor "to exclude others from participating in the salvage operations [and] the right to possession of the salved property . . . until such time as the salvage lien on the property is extinguished or adequate security for this obligation is given." Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 640 F.2d 560, 567 (11th Cir. 1981). Plaintiff does not allege that his rights to the vessel or its contents were or are threatened by the Defendant. Although titled as a salvage claim, Plaintiff's description of the damage and the desired remedy establishes that Claim I is actually a tort claim for Plaintiff's injuries. This Court will therefore construe Claim I as a tort claim, and evaluate whether this Court has jurisdiction over the claim pursuant to the locality "plus" test for admiralty tort claims. See Victory Carriers, Inc. v. Law, 404 U.S. 202, 205-06 (1971).

Jurisdiction over a tort claim in admiralty exists when the "navigable waters" locality test, supplemented by the "significant relationship to traditional maritime activity" nexus test, is met. Executive Jet Aviation, Inc. v. City of Cleveland, Ohio, 409 U.S. 249, 258-60 (1972). A party seeking to invoke federal admiralty jurisdiction for a tort claim must satisfy both the locality and the nexus test. See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). "A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The [nexus] test raises two issues. First, a court must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether 'the general character' of the 'activity giving rise to the incident' shows a substantial relationship to traditional maritime activity." Id. (internal quotations and citations omitted).

Defendant claims that Plaintiff's claims are beyond this Court's admiralty jurisdiction because the events of which Plaintiff complains during his confrontation with Deputy Sheriff

Darnell Durham took place either on land or on a dock. Def. Mot. at 3. Plaintiff does not dispute that he was the dock during the confrontation. Pl. Resp. at 6. The issue is, therefore, whether an assault and wrongful arrest, taking place on a dock adjacent to a navigable waterway, while the Plaintiff attempted to fight a fire on a vessel near the dock, has a potentially disruptive impact on maritime commerce and whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.

In Doe v. Celebrity Cruises, Inc., the Eleventh Circuit found admiralty jurisdiction where the plaintiff claimed she had been raped by a crew member while in a port-of-call. 394 F.3d 891 (11th Cir. 2004) cert. denied, 126 S.Ct. 548 (October 31, 2005). That court held that the case satisfied both elements of the connection test because "a crew member's sexual assault on a passenger obviously has a potentially disruptive impact on maritime commerce" and the character of the activity was defined as "interaction between crew members and passengers during an ongoing cruise, which clearly bears a "substantial relationship to traditional maritime activity." Id. at 900. While the Doe court held the location test was satisfied in a port-of-call, it noted that "this case may represent the outer boundaries of admiralty jurisdiction over torts," and concluded the port-of-call was an integral part of the cruise. Id. at 901.

Here, the alleged assault and wrongful arrest on a dock fails to satisfy the locality test. The assault did not occur on navigable water, nor were the injuries suffered by the Plaintiff caused by a vessel on navigable water. Unlike the port-of-call in Doe, above, the dock was not integrally connected to the vessel. As this Court holds that the Claim I fails to satisfy the locality element of the test for jurisdiction, it does not reach the nexus element of the test.

## IV. Conclusion

For the reasons discussed above, it is

ORDERED AND ADJUDGED that the Defendant Sheriff's Motion to Dismiss Complaint in Admiralty (DE # 14) is GRANTED. The Complaint (DE # 1) is DISMISSED for

lack of subject matter jurisdiction. The Clerk is instructed to CLOSE this case for administrative purposes. Pursuant to Plaintiff's request, Plaintiff may file an Amended Complaint within ten (10) days of the date of this Order, in which event this case will be reopened.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record